**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.

CARLTON JOHNSON, a/k/a Valentine
Contreras,

                *Defendant-Appellant.*

No. 00-4913

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CR-99-6-BO)

Submitted: September 18, 2001

Decided: October 9, 2001

Before TRAXLER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Kimberly A. Moore, Assistant United States Attorney, Nancy W. Herrera, Third-Year Law Student, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Carlton Johnson appeals the denial of his motion to withdraw his guilty plea. We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). For the reasons stated below, we affirm the judgment of the district court.

Johnson bore the burden of demonstrating a "fair and just reason" for withdrawal pursuant to Fed. R. Crim. P. 32(e). We have articulated six factors for determining whether a defendant has met his burden: (1) whether the defendant has laid out credible evidence that his plea was not knowing and voluntary, (2) whether the defendant has credibly asserted his innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether the defendant has had close assistance of competent counsel, (5) whether withdrawal will prejudice the government, and (6) whether a withdrawal will inconvenience the court and waste judicial resources. *See United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Johnson only contests the district court's decision on the basis of the fourth factor. He asserts he lacked close assistance of competent counsel, and the district court failed to make an adequate determination as to the validity of his contentions. In his oral motion to withdraw his plea, Johnson alleged his attorney operated under conflicting interests, and rendered erroneous advice regarding Johnson's pending sentence. Making an "inescapably impressionistic judgment," the district court concluded that Johnson lacked a fair and just reason for withdrawal, *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995). Nonetheless, despite finding no conflict of interest, the court permitted Johnson to substitute new counsel. Significantly, after retention of new counsel and after learning of the precise sentencing

range he faced, Johnson ultimately abandoned his request to withdraw his guilty plea. Consequently, Johnson cannot credibly claim that he would have proceeded to trial but for the allegedly ineffective assistance of his original counsel. *See United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (discussing dependance of success of fourth *Moore* factor on establishment that but for counsel's errors, defendant would have proceeded to trial).

Moreover, we have specifically held that an allegation that counsel's predictions caused a defendant to believe he would receive a shorter sentence than that imposed is not a "fair and just" reason for withdrawing the plea when the court corrects or clarifies at the Rule 11 hearing the range of punishment to which the defendant is subject. *See id.* at 1395. In *Lambey*, the defendant received a sentence three times greater than that estimated by counsel, a quantitative error similar to that alleged in this case. Yet as in *Lambey*, the district court informed Johnson that he could receive a sentence up to life imprisonment, and Johnson indicated that he understood that possibility. Thus, Johnson was fully aware of the "potential vagaries of sentencing." *Id.*

Accordingly, we affirm Johnson's sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*